The Chancellor.
This bill is brought upon a mortgage, given by Maria L. Vandervere, one of the defendants, and her late husband, John S. Vandervere, since deceased, to “ the Somerset County Building Loan and Savings Association." The defendants have put in a joint and several answer, and insist that the necessary parties are not before the court, and, as a defence against the rights of the complainants to relief, set up the defence of usury.
As to the parties to the suit, it is insisted that the heirs at law of John L. Vandervere should have been made defendants. The title to the mortgaged premises was, at the time of the execution of the mortgage, in Maria A. Vandervere, and has not been changed. Her husband had no interest in the premises, except in right of his wife, and of course his heirs at law can have no interest in any question that can arise upon the mortgage. The only question that could possibly be made would be, whether the personal representatives of the husband are not necessary parties, on the ground of their being interested in taking the account of what may be due upon the bond given by the decedent. But in Vreeland v. Loubat and Cottenett (1 G. C. R. 104), it was decided that a mortgagor who had disposed of the equity of redemption in the mortgaged premises was not a necessary party to a bill of foreclosure, and that the account might be taken without him. This authority must govern me, though I might have decided differently if the question was a new one. The personal representatives of Vandervere can have no more interest in taking the account in this case than a mortgagor has after he has parted with his interest in *384 the mortgaged premises. I think all who are necessary parties to the suit are before the court.
Was the contract usurious? John S. Vandervere, as trustee for his wife, was a stockholder to the amount of three shares in the association. He made a loan of six hundred dollars, for which he gaye a premium of sixty-six dollars, and received from the association, in cash, five hundred and thirty-four dollars. No objection is made as to the premium, or bonus, for the loan. The act of the legislature, under which the association was organized, confines the loaning of money to the members, and declares that no premium given for priority of loan shall be deemed to be usurious. The premium was taken in conformity to the law, and cannot, therefore, affect the validity of the transaction.
In order to understand the particular in which the answer sets up that the contract was usurious, let us see what the contract is. The loan was six hundred dollars, and the money advanced by the association was equivalent to that sum. By law, the lenders had a right to have that amount secured to them for any period of time, and while they forbore payment, to demand and have a rate of interest not exceeding six per cent, annually. The bill does not allege that, at the time the money was loaned, any particular amount of interest was agreed upon between the parties. It is admitted, by both parties, that the bond and mortgage express the true character and terms of the contract. Both appeal to the contract, as it appears in the bond; one insisting that it exhibits a valid and lawful contract, the other that it has the impress of usury upon its face. We must look, therefore, at the bond; and the legal construction put upon it must determine the issue which is raised by the pleadings.
The penalty of the bond is in the usual form of money bonds, and is for the sum of twelve hundred dollars. The condition is in the following language: “ The condition of this obligation is such, that if I, the above bounden *385 obligor, my heirs, executors, or administrators, shall pay, or cause to be paid, to the said the Somerset County Building Loan and Savings Association, or their successors or assigns, the sum of three dollars per month, the first payment to be made on or before the second Tuesday of June next ensuing the date hereof, and all subsequent monthly payments to he made on or before the second Tuesday of each successive month thereafter, to continue until the termination of the association aforesaid, whereof I, the said obligor, am trustee for Maria L. Vandervere, my wife, who is a member, as by reference to the articles whereof, signed by me as such trustee, will more fully appear; and also all fines which shall be charged against me as trustee, pursuant to the said articles of association, during the period aforesaid ; and also shall keep, or cause to he kept, all other covenants, promises, and agreements entered into by me, as such trustee, for her with the said association, according to the true intent and meaning of the aforesaid articles of association, then this obligation to be void, otherwise to be and remain in full force and virtue.”
What is the legal construction of this instrument? When and how is the principal money to be paid, and what interest for forbearance is the obligor to pay, or what covenants or contracts or duties to perform and fulfil, as an equivalent for the interest of the money ? It appears to me that the legal construction of this instrument is very clear: and yet my views are entirely at variance with those of both the complainants’ and defendants’ counsel. The question is not, what the parties meant, or what construction they meant to put on the writing ? but, what does the waiting itself mean, and how does the law construe it? are the questions which the court must answer, and which must determine the rights of the parties.
The complainants insist that the monthly payments of three dollars was the interest upon the money loaned, *386 and that the principal was intended to be, and would be paid, in a certain period of time, by the obligor’s fulfilling the other conditions mentioned in the obligation, to wit, by paying all fines which should be charged against him, and by keeping all covenants, promises, and agreements entered into by the obligor with the association during the continuance of the association. "What those fines are, and what are the covenants, promises, and agreements referred to, it is insisted that the articles of the association must determine, and that a reference to them is proper, because they are made a part of the obligation.
The defendants put a different construction upon the condition of the bond. They insist that the monthly payments of three dollars are payments upon the principal ; and yet that, notwithstanding these monthly payments upon the principal, the obligation binds the obligor to pay the interest on the whole sum of six hundred dollars, until, by the monthly payments of three dollars, the six hundred dollars shall be paid off.
Both of these constructions, as well that put upon the writing by the complainants, as the one for which the defendants contend, make interest payable on the sum of $600. The complainants consider the three dollars monthly as the payment of interest. The defendants consider that the obligor is bound, independent of the monthly payments of three dollars, to pay an annual interest of six per cent, on the $600. Now, I do not see how a construction can be put upon this obligation to make it draw interest. The obligation does not call for interest. It mentions no specific sum as the principal upon which an interest can be calculated. It does not appear, anywhere upon the face of the obligation, that the sum of six hundred dollars is the amount which the obligor owes, or which he is to pay. The only money it binds him to pay is three dollars monthly. It does not say that the three dollars shall be paid until such monthly payments shall pay off six hundred dollars, nor does it say that the obli *387 gor shall be privileged to cancel his bond by paying the sum of $600; but the obligation binds himself to pay three dollars monthly, which payments shall continue until the termination of the association. To ascertain when that termination is to be, we must look to the articles of association, to which reference is made by the parties in the bond. We there find that, when every stockholder shall have received a loan, such as was made to this obligor, of two hundred dollars for their several share or shares of stock, or when the whole of the funds of the association (including the securities for the loans) shall be sufficient to divide to each share of stock the sum of two hundred dollars, then the association shall determine and close. When that period arrives, then all the stockholders who have borrowed from the association, and shall remain members, shall have their obligations cancelled and returned to them. The obligor did not obligate himself to pay the sum of $600 to the association, nor to pay the interest on six hundred dollars. His obligation binds him to pay monthly three dollars, as long as the association shall continue. Tor the court to say that this means he shall pay the three dollars as interest money, is not warranted by any writing or agreement between the parties. He agreed to pay three dollars monthly while the association shall exist, and to perform his covenants and agreements entered into by him as such member. ' His only obligation, as such member, is to pay, as a stockholder of three shares of stock, three dollars monthly; and for every neglect or refusal to pay his monthly dues, he is bound to pay the additional sum of ten cents for each share of his stock.
It may be said that the construction should be put upon the obligation that the payment of three dollars monthly was intended by the parties as interest — because it is unreasonable to suppose that the association meant to advance to the obligor $600, and to take a security for monthly payments without interest. But this transaction *388 is sui generis, and will not admit of any speculation as to what the parties meant, except as they speak by the writing itself. It appears to me that the parties never looked to the contingency of a default in the obligor in performing the condition of the bond, and never having thought of the subject, or the consequences of such a default, or the respective rights of the parties when such an event should occur, they had no definite meaning as to the obligations or rights of the parties in reference to such a contingency. If there had been no default, and this and all the other stockholders had fulfilled all their obligations, no such vexed question, as whether the monthly payment on a loan should be called principal or interest, could have 'arisen. This association, in introducing itself to the public, presents but the bright side of the picture. It declares “ the money lent is never called for; for it has been found in all these building associations that the funds and profits accumulate so rapid, by means of the interest and compound interest, which is perpetually paid in from borrowers, premiums, and fines, that in a few years there is as much due him from the association as he borrowed from it; consequently his house is paid for— every dollar of it.” If the construction I have put upon the obligation is the correct one, then there can be no usury in the particular set up by the defendants’ answer. The complainants are entitled to have the benefit of their mortgage. How it shall be enforced, I shall defer determining until the coming in of the master’s report.
I shall order an account to be taken by a master, as follows:
First. With directions to take an account of what is due, assuming the principal sum to be six hundred dollars, payable without interest, and crediting upon the principal such monthly payments as have been made on behalf of the obligor.
Second. To take an account of all fines which have been charged against the obligor in pursuance of the ar *389 tides of association, and of all dues which are owing to the association by the said obligor by reason of all and every covenant, promise, and agreement entered into by said obligor to the said association, according to the true intent and meaning of the said articles of association.
Third. To take an account of all monthly payments of three dollars which may be due and owing from the said obligor to the said association up to the period of taking said account.